OXFORD PAPER CO. v. UNITED STATES.
No. J-446.

Court of Claims.
Nov. 2, 1931.

Johnson & Shores, of New York City, for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (T. H. Lewis, Jr., of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS; and LITTLETON, Judges.

GREEN, Judge.

The plaintiff in this case brings suit to recover $223,684.80, alleged to have been wrongfully collected from it as income taxes for the year 1917.

The action is based on a claim that, in determining the amount of plaintiff's tax for that year, the Commissioner refused to allow the plaintiff for a loss sustained in the exchange of certain bonds for preferred stock of the Nashwaak Pulp & Paper Company, Limited. The parties agree that the bonds exchanged were purchased by plaintiff in 1916 at an actual cost of $771,071.50 in cash, and that plaintiff received stock in the Nashwaak Company therefor in the amount of $850,000 face value, which, however, it contends was actually worth only $40 a share, or $340,000. The Commissioner refused to allow any loss whatever therefor, holding in effect that the stock was worth what the bonds cost.

It will be seen that the question is wholly one of fact to be determined on the evidence submitted in the case.

It is contended on behalf of the defendant that the only way to establish the market value of shares of stock in a closely held corporation like the Nashwaak Pulp & Paper Company, where there is no evidence of any sales, is to ascertain the value of the property which they represent, assigning to each share its proportionate worth. The authorities cited on behalf of defendant pertain to common stock. Undoubtedly, in estimating the value of common stock under circumstances like those in the instant case, the value of the net assets of the corporation have an important bearing. They may also have some application in the case of preferred stock, but the value of preferred stock may be much less than the value of the assets. In any event, we find nothing in the evidence which shows the value of the property of the corporation, except that it is stipulated that the balance sheet of the company for the year in question is as shown in the findings of fact. But the mere fact that the balance sheet states the assets of a corporation to be a given sum is no evidence that such value actually exists, as many persons have found to their sorrow.

It is also contended by defendant that the testimony with reference to actual sales prices of high-grade preferred stock on the open market is not admissible to show the value of the preferred stock involved herein. But we think when the dividend rate of these stocks is shown, and other matters showing how such stock is rated, that while such evidence is not conclusive, it tends to show the value of preferred stock bearing a dividend rate equivalent to that of the stock in question, and may be considered together with all of the other evidence in the case bearing thereon in determining the value of the stock of the Nashwaak Pulp & Paper Company. Proceeding in this manner, we find the value of the stock received by the plaintiff in exchange for bonds at the time of the exchange to have been $60 a share, and that plaintiff by such exchange sustained a loss of $261,071.50.

It follows from what has been said above that plaintiff is entitled to recover herein, and that the amount of its taxes for the year involved should be computed after allowance has been made for this loss; but there seems to be some question as to whether by inadvertence the amended stipulation executed by the parties is correct in all particulars. Counsel for plaintiff say in argument, "We desire that this proceeding be settled according to the right of the matter, and notwith-

standing the stipulation, we agree that any recovery should be calculated in light of the actual invested capital, corrected income and the taxes paid."

Accordingly, judgment will be withheld, with leave to the respective parties to submit a computation of the proper tax and amount to be refunded in accordance with the conclusions stated above. If the parties agree with reference to the result of the computation, judgment will be entered for the amount so fixed; otherwise the court will have the computation made, and the judgment entered.