## In re FRIEDMAN.

### JONAS v. RICE.

#### No. 441.

Circuit Court of Appeals, Second Circuit.

July 31, 1934.

Bernard A. Grossman, of New York City (John S. Sheppard and Bernard A. Grossman, both of New York City, of counsel), for petitioner-appellant.

Charles Seligson, of New York City, for trustee-appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On April 24, 1929, Meyer Friedman sustained substantial injuries claimed to be due to the negligence of United States Trucking Company. At that time he owed $500 to the petitioner, Benjamin Jonas. The latter ascertained that Friedman was in the hospital (where he remained several months) receiving treatment for his injuries. Jonas called on him there and asked for repayment of the debt, but Friedman said he could not pay because he had no money. As the referee found "after some haggling, a deal was made by which the bankrupt agreed to assign to Jonas any judgment he might recover up to $7,500 and Jonas agreed to give up his claim against Friedman for $500. The terms of this deal were that Jonas was in any event to lose his claim for $500 for money loaned; if Friedman lost the suit Jonas would get nothing; if Friedman won the suit Jonas would get as much as he won up to $7,500." Later in March, 1930, Jonas got Friedman to sign a note for $7,500, drawn to his order and payable when judgment was obtained, which recited that it was "against" any judgment that might be collected against the United States Trucking Company. On November 9, 1931, Friedman recovered judgment against the United States Trucking Company for his injuries amounting to $15,162.60. After an appeal to the Court of Appeals, judgment was finally entered in the sum of $16,306.26. On December 15, of that year, Friedman executed and delivered to Jonas an assignment of the judgment to the extent of $7,500. At the time this assignment was made Friedman owned no property other than the claim in judgment and was insolvent. On June 21, 1932, an involuntary petition in bankruptcy was filed against him, and he was afterwards adjudicated a bankrupt.

The judgment was paid over to the trustee in bankruptcy, and, under an order of the District Court, the proceeds were deposited by him in a special account, and, to the extent of $7,500, held to await determination of ownership as between the bankrupt's estate and Jonas. Thereafter Jonas filed a petition to recover $7,500 from the trustee, which was dismissed by the referee, and the order of the latter was affirmed by the District Court. Counsel for Jonas contends on appeal that the sole question before us is whether the agreement between Jonas and Friedman, under which the former obtained an assignment of $7,500, was valid and enforceable, or whether it was void and illegal as a gambling or wagering contract. Doubtless, if it was a gambling contract, as the court below held it to be, Jonas could not recover, but, irrespective of this, we think he ought not to prevail because when he obtained the assignment from Friedman on December 15, 1931, the latter was insolvent and the conveyance was made without a fair consideration. New York Debtor and Creditor Law (Consol. Laws, c. 12) § 273. At the time the assignment was given, Jonas was to get $7,500 thereby and in return was only to surrender a claim of $500 which he held against Friedman for money loaned. Certainly he had furnished no fair equivalent for the $7,500 he was to receive. The best that can be said for the oral agreement of April, 1929, and the note of March, 1930, is that they effected equitable assignments of interests to come into being after Friedman's claim had ripened into a judgment. Such assignments a court of equity will not enforce when the rights of a trustee in bankruptcy, representing creditors, have intervened. Zartman v. First Nat. Bank, 189 N. Y. 267, 272, 82 N. E. 127, 12 L. R. A. (N. S.) 1083; Irving Trust Co. v. Commercial Factors Corporation (C. C. A.) 68 F.(2d) 864, 868. Such is the New York law by which the validity of the transfer is governed. Finance & Guaranty Co. v. Oppenhimer, 276 U. S. 10, 12, 48 S. Ct. 209, 72 L. Ed. 443.

If the assignment were regarded as a transfer of an existing cause of action, rather than of a judgment, it would be a transfer of a "claim or demand" to "recover damages for a personal injury" which is not permitted by section 41 (1) of the Personal Property Law of the state of New York (Consol. Laws, c. 41). If, on the other hand, it be regarded as a transfer of a judgment, whether in posse or in esse, it would in either event amount to a fraudulent conveyance as against the trustee in bankruptcy.

In view of the above, it is unnecessary for us to discuss the interesting question whether

the contract was illegal as involving a wager, which was so fully argued. The transfer of the proceeds of the judgment under the assignment of December 15, 1930, was a fraudulent conveyance by an insolvent and therefore can under no circumstances stand.

Order affirmed.