Irving Trust Company, as Trustee in Bankruptcy of the Estate of Display Stage Lighting Co., Inc., Appellant, *v.* Metro-Goldwyn-Mayer Corporation, Defendant, and Harry Ashton, as Trustee in Bankruptcy of the Estate of Maurice (Morris) Schwartz, Intervenor, Respondent.

First Department, December 27, 1935.

*I. Arnold Ross*, for the appellant.

*Mayer C. Goldman*, for the intervenor-respondent.

MERRELL, J.  The plaintiff, Irving Trust Company, as trustee in bankruptcy of the estate of Display Stage Lighting Co., Inc., which corporation filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of New York on September 28, 1931, brings this action to recover moneys withheld by defendant Metro-Goldwyn-Mayer Corporation.  The bankrupt had obtained two judgments against one Maurice (Morris) Schwartz.  The lighting company thereafter and on September 28, 1931, went into bankruptcy, and the plaintiff herein was appointed trustee in bankruptcy.  On June 12, 1934, prior to the filing of the bankruptcy petition in the Schwartz proceeding, the

plaintiff, by garnishee executions duly served on the Metro-Goldwyn-Mayer Corporation, caused a levy to be made upon the salary of Schwartz to the extent of ten per cent thereof weekly. The trustee in bankruptcy of the estate of Schwartz admitted practically all the allegations of the complaint, and set up three affirmative defenses. The subject of this appeal is a motion to strike out such defenses. The first defense is based on subdivision c of section 67 of the United States Bankruptcy Act. (U. S. Code, tit. 11, § 107, subd. c.) The second defense is based on the theory of a voidable preference under subdivision b of section 60 of the United States Bankruptcy Act. (U. S. Code, tit. 11, § 96, subd. b.) The third defense is based upon subdivision f of section 67 of the United States Bankruptcy Act. (U. S. Code, tit. 11, § 107, subd. f.) Plaintiff moved to strike out such defenses under rule 109 of the Rules of Civil Practice. Plaintiff's motion was denied in Municipal Court by an order dated April 8, 1935. The Appellate Term granted leave to appeal from said order of denial and, on the appeal, affirmed the order. Upon application of the plaintiff, leave was granted by this court to appeal from the determination of the Appellate Term.

We are of the opinion that the Municipal Court, in denying the motion of the plaintiff-appellant, and the Appellate Term, in affirming said order, erred, and that neither of said defenses contained in the answer can be sustained.

The first separate defense alleges an affirmative right ·to the money withheld by Metro-Goldwyn-Mayer Corporation under subdivision c of section 67 of the United States Bankruptcy Act. That section, so far as pertinent, provides as follows: " A lien created by or obtained in or pursuant to any *suit or proceeding at law or in equity * * * which was begun* against a person *within four months before the filing of a petition in bankruptcy* by or against such person shall be dissolved by the adjudication of such person to be a bankrupt if (1) it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference, or (2) the party or parties to be benefited thereby had reasonable cause to believe the defendant was insolvent and in contemplation of bankruptcy." (Italics are the writer's.) It appears from the section above quoted that a cause of action or affirmative defense under said section is conditioned on the lien sought to be vacated and set aside *resulting from a suit or proceeding which was begun within four months of the filing of the petition in bankruptcy*. It is alleged in the first affirmative defense that " the aforesaid garnishee executions * * *, and the liens predicated thereon, were legally dissolved and were

rendered void * * *, by reason of the provisions of Section 67-c of the United States Bankruptcy Act, the said liens having been created within four months immediately preceding the filing of the petition in bankruptcy by said Maurice (Morris) Schwartz." It is quite clear from a comparison of the statute with the language employed by the respondent that the latter refers to a four months' period as running from the issuance of the " garnishee executions * * * and the liens predicated thereon," rather than from the commencement of the suit or other proceeding at law or in equity. In paragraph 10 of the answer the intervenor alleges that the garnishee executions were predicated on " two certain judgments obtained by the said Display Stage Lighting Co., Inc., against the said Maurice (Morris) Schwartz." The intervenor further alleges in paragraph 6 of the answer that the Display Stage Lighting Co., Inc., filed a voluntary petition in bankruptcy on September 28, 1931, and that thereafter the plaintiff-appellant herein was duly appointed trustee thereof. It is evident from such allegations that the suits or proceedings which resulted in the judgment and the garnishee executions were commenced prior to September 28, 1931. Since Schwartz filed his petition in bankruptcy on October 6, 1934, it is clear that the suits or proceedings resulting in the judgments and the subsequent liens were commenced prior to the four months' period immediately preceding October 6, 1934. Therefore, no cause of action or affirmative defense is available to the intervenor under subdivision c of section 67 of the United States Bankruptcy Act, on any liens obtained as the result of the judgments described. The allegations set forth in the first affirmative defense preclude a right under that section of the act.

Likewise, the second separate and distinct defense based on subdivision b of section 60 of the United States Bankruptcy Act is insufficient in law. The second defense is based on a voidable preference under subdivision b of section 60 of said act. The ultimate facts for such defense are alleged in paragraphs 3 to 10, inclusive, and in paragraph 13 of the answer. The paragraph last mentioned included the following allegations relating to subdivision b of section 60: " That the aforesaid garnishee executions * * * and the said liens predicated thereon, * * * under the provisions of Section 60-b of the United States Bankruptcy Act, would constitute a preferential payment to the plaintiff herein over other creditors of the said bankrupt, * * * in that, said garnishee executions and the said liens predicated thereon, were issued or obtained within four months immediately preceding the filing of the petition in bankruptcy."

The pertinent provisions of subdivision b of section 60 are as follows: "*If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property,* and if, at the time of the transfer, or of the entry of the judgment, \* \* \* and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, \* \* \* it shall be voidable by the trustee and he may recover the property or its value from such person." (Italics are the writer's.)

It is perfectly clear from the above that in order to predicate a cause of action or defense under subdivision b of section 60, it is necessary to allege either (1) that a judgment was obtained against the bankrupt; or (2) that the bankrupt permitted a judgment to be entered against him, as by way of confession of judgment; or (3) that the bankrupt made a transfer of any of his property, as occurring within four months prior to the filing of a petition in bankruptcy. However, as hereinbefore stated, the judgments against Schwartz were recorded prior to September 28, 1931, or at least three years prior to the filing of the petition in bankruptcy. Therefore, there is no force in the contention with respect to the claim that the judgment was obtained against the bankrupt or that the bankrupt permitted judgment to be entered against him as by confession of judgment. There is no allegation in the second defense that the bankrupt transferred any property. The use of the word "transfer," as used in the Bankruptcy Act, has been defined in subdivision 25 of section 1 (U. S. Code, tit. 11, § 1, subd. 25), as including " the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security."

In Remington on Bankruptcy, with reference to voidable preferences under subdivision b of section 60 of the Bankruptcy Act, the textwriter states (Vol. 4, § 1719, p. 477) as follows: " Although intent to prefer is not requisite to constitute a transfer a preference, yet there must be at least some voluntary action on the debtor's part, or some assent or acquiescence, to constitute the transaction a ' transfer.' Seizure or appropriation of property by the creditor, or his receipt of it otherwise than by the voluntary act or assent of the debtor, will deprive the transaction of its character as a preference. (*De Forrest* v. *Crane & Ordway Co.*, 43 A. B. R. 349; 55 Mont. 489; 179 Pac. 291.) "

It is, therefore, clear that a garnishee execution or a lien predicated thereon is not such a voluntary act as would make it a

transfer within the meaning of the language of subdivision b of section 60. The answer does not indicate when the judgments were obtained. It does, however, state that they were obtained by the Display Stage Lighting Co., Inc., and that said corporation filed a voluntary petition in bankruptcy on September 28, 1931. It, therefore, cannot be contended that said bankrupt corporation obtained these judgments subsequent to September 28, 1931, and it cannot reasonably be claimed that said judgments had been obtained by said bankrupt within four months prior to October 6, 1934, or three years later, to bring the same within the inhibition of subdivision b of section 60. We are of the opinion that subdivision b of section 60 applies to cases where judgments are entered within four months prior to the filing of a petition in bankruptcy, or where the bankrupt, by his voluntary act within such period, transferred property to a third party. Certainly, subdivision b of section 60 cannot apply to judgments of at least three years' standing, or to garnishee executions issued thereunder.

As to the third separate and distinct defense, we are also of the opinion that sufficient allegations to sustain such a defense are wanting. In said defense the intervenor sought to allege a right of action under subdivision f of section 67 of the United States Bankruptcy Act. Assuming the truth of the allegations contained in said third defense, there, nevertheless, is wanting the material allegation that Schwartz was insolvent at any time within four months prior to the filing of his petition in bankruptcy when a levy or lien through legal proceedings was made. Subdivision f of section 67, so far as pertinent, provides as follows: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt."

There is no allegation showing that Schwartz was insolvent at any time within four months prior to the filing of his petition in bankruptcy when a levy or lien through legal proceedings was made. The allegation of insolvency in paragraph 11 of the answer refers to the time when the action resulting in the judgment was commenced, and is limited exclusively to the first affirmative defense. There is no allegation contained in the third defense that at the time of the levy Schwartz was insolvent. He was adjudicated a bankrupt on October 6, 1934, but from that fact it does not follow that he was insolvent in June, when the garnishee executions became effective. The intervenor urges that paragraph 11 of the answer states that the liens were obtained while Schwartz was

insolvent, but such allegation is not incorporated in the third defense. Had the third defense contained an allegation that Schwartz was insolvent when the levy was made, such defense would be good, but no such allegation is to be found in said third defense.

The determination of the Appellate Term and the order of the Municipal Court should be reversed, with twenty dollars costs and disbursements of this appeal and with ten dollars costs in the Appellate Term, and the motion to strike out the three affirmative defenses granted, with leave, however, to the intervenor-respondent to serve an amended answer within ten days after service of order upon payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Determination appealed from and the order of the Municipal Court reversed, with twenty dollars costs and disbursements to the appellant in this court and ten dollars costs in the Appellate Term, and the motion to strike out the three affirmative defenses granted, with leave, however, to the intervenor-respondent to serve an amended answer within ten days after service of order upon payment of said costs.