## ADLER v. GREENFIELD.

No. 385.

Circuit Court of Appeals, Second Circuit.
June 1, 1936.

Philip Bassewitz, of Brooklyn, N. Y. (Maurice F. Miller and Jack J. Gumpert, both of Brooklyn, N. Y., of counsel), for appellant.

Harry Malter, of New York City, for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellant, a brother of the bankrupt, obtained a default judgment against him in December, 1932, for $1,089.70, but execution was not issued thereon until October 11, 1933, when a levy was made on the bankrupt's only property, the contents and fixtures of his drugstore. The merchandise was sold, after advertisement at public auction, for $655 on October 17, 1933. The appellant became the purchaser. November 24, 1933, the bankrupt filed his voluntary petition in bankruptcy. The trustee has sued successfully to recover $655, the value of the bankrupt's assets, upon the theory that the appellant holds the contents bought by him at the execution sale by virtue of a transfer which is voidable under section 60b of the Bankruptcy Act (11 U.S.C.A. § 96(b). The relevant part of section 60b provides: "If a bankrupt shall have * * * made a transfer of any of his property, and if, at the time of the transfer * * * being within four months before the filing of the petition, * * * the bankrupt be insolvent and the * * * transfer then operate as a preference, and the person receiving it * * * shall then have reasonable cause to believe that the * * * transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

The appellant argues that the sale pursuant to an execution issued did not constitute a transfer under this section. Section 1, subd. 25, of the Bankruptcy Act (11 U.S.C.A. § 1(25), defines "transfer" to include "the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security." In Pirie v. Chicago Title & Trust Co., 182 U.S. 438, 444, 21 S.Ct. 906, 908, 45 L.Ed. 1171, the court, referring to "transfer," said: "The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from the ownership and possession of another, and by which the result forbidden by the statute may be accomplished,—a preference enabling a creditor 'to obtain a greater percentage of his debt than other creditors of the same class.'" The New York Appellate Division in Irving Trust Co. v. Metro-Goldwyn-Mayer, 246 App.Div. 1, 284 N.Y.S. 493 (1st Dept.N.Y.1936), held that a garnishee execution on a debtor's salary, levied within the four-month period on a judgment obtained before that time was not a transfer, since there was no voluntary action on the part of the debtor which, the court said, was essential to a "transfer." This was a dictum, since it appeared in the language of the court that, "There is no allegation * * * that the bankrupt transferred any property." If more, we are unwilling to agree. The bankrupt's inaction from the time of levy of execution to the time of the sale indicates sufficiently his participation, so that he "made the transfer."

It makes no difference that the judgment was obtained more than four months prior to the filing of the petition in bankruptcy. The judgment alone gives no lien against the debtor's personal property until the execution against it is delivered to the proper officer to be executed. New York Civil Practice Act, § 679. Here the property was transferred to the bankrupt, within the meaning of the statute, and since the levy and sale were made within the four months preceding the bankruptcy, it was voidable by the trustee. Golden Hill Distilling Co. v. Logue, 243 F. 342 (C.C.A. 6); In re Bailey (D.C.) 144 F. 214; Nogi v. Greenwood (D.C.) 1 F.Supp. 60; Galbraith v. Whitaker, 119 Minn. 447, 138 N. W. 772, 43 L.R.A.(N.S.) 427.

The bankrupt testified that his assets were only the merchandise in the store and his equity in its fixtures. The fixtures were covered by a chattel mortgage, and though the equity may have been worth

something, the trustee's judgment that it was of little value, and the creditor's disregard of it though his debt was unsatisfied, indicate that it was negligible.

Whatever the value of the property sold under execution, appellant cannot plead that he did not know he was getting a preference. He knew that the bankrupt had other pressing obligations and yet at the sale he took all the assets considered worth while. He must have known that in so stripping the bankrupt of assets, he was obtaining a greater percentage of his debt than would be available to other creditors, known to him.

That the bankrupt was insolvent at the time appears from his schedules, which show that his liabilities were then over $7,000. Although the price realized on a forced sale may not always be the measure of a "fair valuation," under the circumstances here it may be considered. It was a public sale and the appellant's debt was not so large as to give him control of the bidding if the goods were of a value at all near appellant's contention.

The sale price was $655; $35 of this was paid for auctioneer fees, and the balance applied on the judgment. It is fair to say that this was not too much to allow against appellant as the value of the property received in the preferential transfer, and the cost of the transfer fee should be borne by him.

If the sale were permitted to stand, the appellant would have obtained a greater percentage of his debt than other creditors of the same class.

Judgment affirmed.