**IRVING TRUST CO. v. KAMINSKY et al.**

District Court, S. D. New York.

May 7, 1937.

sel), for defendant Public Nat. Bank & Trust Co. of New York.

PATTERSON, District Judge.

The motion is by the defendant Public National Bank & Trust Company to dismiss the bill so far as the cause of action against it is concerned.

The bill is by a trustee in bankruptcy to set aside alleged transfers made by the bankrupt in fraud of creditors. The bill alleges generally that a petition in bankruptcy was filed by the bankrupt on January 20, 1933; that on March 15, 1932, the bankrupt owned some ten items of property and was insolvent; that he then formed a plan of getting rid of his property in favor of close relatives or of persons who would hold for his eventual benefit, intending thus to put his property beyond reach of his creditors and to hinder, delay and defraud them. The bill then avers, in causes of action against defendants other than the bank, that certain properties were transferred to them. The only cause of action directed against the bank is the fifth. It is there alleged that the bankrupt was indebted to the bank for $27,500; that on March 15, 1932, he transferred to the bank mortgages worth $50,000 as well as stocks of substantial value as collateral security for the antecedent debt; that the transfer was made pursuant to the plan already mentioned concerning the disposition of his property and that the bank had knowledge of the plan; finally, that on June 1, 1934, a son of the bankrupt made an agreement with the bank whereby the son agreed to pay the debt in installments and whereby the bank agreed to transfer and deliver the collateral to the son on full payment of the debt. The relief demanded against the bank is that the transfer be declared fraudulent and void and that the pledged properties be turned over to the plaintiff.

The suit against the bank is brought under section 70e of the Bankruptcy Act (as amended, 11 U.S.C.A. § 110(e); necessarily so because the transfer was made more than four months before bankruptcy, and section 60 (as amended, 11 U.S.C.A. § 96) relative to preferences and section 67e (as amended, 11 U.S.C.A. § 107(e) relative to transfers to hinder, delay or defraud creditors apply only to transfers made within four months of bankruptcy. By section 70e, "the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoid-

Charles Seligson, of New York City, for plaintiff.

Moses & Singer, of New York City (Henry B. Singer, Sam L. Cohen and Henry Schneider, all of New York City, of counsel),

.ed." So the validity of the transfer in question turns on whether a creditor of the bankrupt might have upset it under the law of New York. Stellwagen v. Clum, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507; Feist v. Druckerman, 70 F.(2d) 333 (C.C.A.2); In re Friedman, 72 F.(2d) 412 (C.C.A.2).

■ The New York law relative to transfers in fraud of creditors is article 10 of the Debtor and Creditor Law (Consol.Laws, c. 12 [section 270 et seq.]), being the Uniform Fraudulent Conveyance Act. It makes fraudulent two kinds of transfers. The first ·kind is a transfer without fair consideration, made by an insolvent debtor or by one engaged or about to engage in business with unreasonably small capital or by one about· to incur debts beyond his ability to pay. Sections. 273–275. These sections are an amplification of the old "imputed intent" doctrine. A transfer in good faith to secure an antecedent debt, however, is declared to be a transfer for fair consideration, provided the amount of the debt is not disproportionately small to the value of the property transferred. Section 272. There being no allegation here that the value of the securities transferred to the bank was out of line with the amount of the debt, no case is stated against the bank under sections 273, 274 or 275. The second kind is a transfer with actual intent "to hinder, delay, or defraud" present or future creditors, regardless of consideration; such a transfer is declared·fraudulent as to creditors by section 276 of the Debtor and Creditor Law. The sufficiency of the bill against the bank come down to whether a cause of action is stated under section 276.

■ Under the Statute of Elizabeth a transfer by an insolvent debtor to pay or to secure an antecedent debt has never been treated as a transfer to hinder, delay or defraud creditors, although it is self-evident that other creditors are necessarily hindered and delayed by such a transfer. Lehrenkrauss v. Bonnell, 199 N.Y. 240, 92 N.E. 637; Huntley v. Kingman & Co., 152 U.S. 527, 532, 14 S.Ct. 688, 38 L.Ed. 540; Davis v. Schwartz, 155 U.S. 631, 15 S.Ct. 237, 39 L.Ed. 289; Giddings v. Sears, 115 Mass. 505; Bigelow on Fraudulent Conveyances, pp. 73, 74. Such transfers are preferences and may be successfully assailed only under section 60b of the Bankruptcy Act (as amended, 11 U.S.C.A. § 96(b) or under state legislation relative to preferences. Davis v. Schwartz, supra. As pointed out in Glenn· on Fraudulent Conveyances, § 289, a sound

practical reason why preferences are held not to be conveyances to hinder, delay or defraud creditors is that the rule against fraudulent conveyances may be availed of by a.single creditor. To allow such a creditor, acting in his own interest alone, to set aside a preferential transfer as one in fraud · of creditors would amount to substituting that creditor as the person preferred in place of the creditor chosen by the debtor.

■ The words "hinder, delay, or defraud" in section 276 of the Debtor and Creditor Law have no broader meaning than that put on the same expression in the familiar Statute of Elizabeth and do not embrace mere preferences. Section 276 was so construed by Mr. Justice Rosenman in Doehler v. Real Estate Board,· 150 Misc. 733, 740–745, 270 N.Y.S. 386; and in Watson v. Goldstein, 174 Minn. 423, 219 N.W. 550, the same construction was placed on the equivalent words in the Minnesota enactment of the Uniform Fraudulent Conveyance Act. If section 276 were held to cover the case of an ordinary preference, we would have in many cases the result referred to by Mr. Glenn, one creditor recovering against another and himself getting the preference. It is safe to say that section 276 does not make unlawful the transfer of property of a debtor to secure an antecedent debt, unless the case is one where the debtor retains some dominion contrary to the transfer or in some other way has a benefit which the law does not sanction. See Irving Trust Co. v. Finance Service Co., 63 F.(2d) 694 (C.C.A.2).

■ The transaction alleged to have taken place between the bankrupt and the bank was a preference, nothing more. The bankrupt, being indebted to the bank, transferred property to the bank to serve as collateral security for the debt. The transaction is not made more offensive by the allegation that the transfer was part of a plan concocted by the bankrupt and known to the bank to hinder, delay or defraud other creditors or to put his property into the hands of kinsmen and out of the reach of creditors. Irving Trust Co. v. Chase Nat. Bank, 65 F.(2d) 409 (C.C.A.2). The mere giving of a preference in the ordinary way is not part of a scheme to hinder, delay or defraud creditors as those words are understood in law. If the transaction as carried into operation involved more than what appears on the surface, the plaintiff should have·alleged the additional facts. As the bill stands, it

alleges no cause of action against the defendant bank.

The cases relied on by the plaintiff do not touch the situation here. In Dean v. Davis, 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419, a mortgage given by the bankrupt when insolvent to raise the money necessary to make a preferential payment to a creditor, the mortgagee knowing of the bankrupt's design, was held fraudulent. In Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L. Ed. 355, 85 A.L.R. 128, the debtor transferred all his assets to a new corporation which assumed his debts, in order to have the corporation go into equity receivership and thus forestall immediate collection by the creditors. In Buffum v. Peter Barceloux Co., 289 U.S. 227, 53 S.Ct. 539, 77 L.Ed. 1140, the debtor pledged his assets to an existing creditor as a step toward a secret sale whereby the assets were bought in by the pledgee at a low figure. There is no principle laid down in those cases that applies here.

The motion to dismiss the bill as to the defendant bank will be granted, with leave to the plaintiff to file an amended bill.