## MERRIAM v. WIMPFHEIMER et al.

District Court, S. D. New York.
Oct. 20, 1938.

Krause, Hirsch & Levin, of New York City (Sidney Gross and Elliott Krause, both of New York City, of Counsel), for plaintiff.

Kellogg, Emery & Innes-Brown, of New York City (J. R. Kochendorfer, of New York City, of counsel), for defendant E. W. Bliss Buildings, Inc.

Meyer Halpern, of New York City (Charles Seligson, of New York City, of counsel), for defendants Sol Wimpfheimer, Otto D. Wimpfheimer, and Thorner Manufacturing Co. Inc.

WOOLSEY, District Judge.

The first two causes of action stated in the complaint have been settled and, therefore, I have only to consider the third.

I hold that the third alleged cause of action as against Otto D. Wimpfheimer and Sol Wimpfheimer and Thorner Manufacturing Company, Inc., must be dismissed, without costs.

I have already dismissed the complaint as to E. W. Bliss Buildings, Inc., without costs.

■ I. My subject matter jurisdiction is based on the Bankruptcy Act of 1898, Section 70e, 11 U.S.C.A. § 110(e), which gives to a trustee in bankruptcy the right to recover by suit property transferred in violation of the law of a State, if a creditor could have avoided the transfer under that law, and gives to this Court concurrent jurisdiction with the State Courts of such a suit.

II. This cause turns entirely on the proper interpretation, as applied to the facts.

of this case, of the Debtor and Creditor Law of New York State, Consol. Laws, c. 12, Sections 273 and 276, read in the light of the statutory definition of fair consideration contained in Section 272 thereof. Stellwagen v. Clum, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507; In re Friedman, 2 Cir., 72 F.2d 412; Feist v. Druckerman, 2 Cir., 70 F.2d 333; Irving Trust Company v. Kaminsky, D.C., 19 F.Supp. 816.

■ III. It is common ground that the pledge made on June 2, 1931, of 100 shares of the stock of Thorner Manufacturing Company,—hereinafter referred to as Thorner—to secure a loan of $2,500 to the bankrupt, Otto Wimpfheimer, by E. W. Bliss Buildings, Inc.—hereinafter referred to as Bliss—was a proper transaction.

A voidable transfer is claimed, however, to have occurred on September 6, 1932, at which time Bliss foreclosed on this pledge and sold the 100 shares of Thorner stock to Sol Wimpfheimer for his note of $2,500—which took the place of his father's note for $2,500—and a pledge by Sol Wimpfheimer of 100 shares of Thorner stock owned by him.

It is common ground that Otto Wimpfheimer was insolvent at this time.

IV. There was nothing apparently wrongful on the part of Bliss in this arrangement.

It is claimed, however, that it was understood between Sol Wimpfheimer and Bliss that the pledge would be foreclosed, and there was, as counsel for the plaintiff alleges, a conspiracy of some kind for Bliss collusively to transfer the 100 shares of Thorner stock pledged by Otto Wimpfheimer, the bankrupt.

I find that there was not such a conspiracy, that there was not any actual fraud involved, and, hence, that Section 276 of the New York Debtor and Creditor Law does not apply.

V. The sole questions remaining to be passed on by me involve Sections 272 and 273 of the Debtor and Creditor Law of New York State, and are:

1. Was there any "conveyance" made under Section 273 by the bankrupt, Otto Wimpfheimer, on September 6, 1932, when the foreclosure on his pledge was made by Bliss?

2. If there was such a "conveyance" was it for a fair consideration under the rule laid down in Section 272?

■ VI. It seems to me that there was not a conveyance by the bankrupt on September 6, 1932, under Section 273 of the Debtor and Creditor Law. The laws of New York seem to require a voluntary act by the transferor to constitute a conveyance. Cf. Varnum v. Hart, 119 N.Y. 101, 107, 23 N.E. 183; Irving Trust Company v. Metro-Goldwyn-Mayer Corporation et al., 246 App.Div. 1, 5, 6, 284 N.Y.S. 493.

I think that the opinions of Judge Patterson which have been referred to,—Irving Trust Company v. Kaminsky, D.C., 19 F. Supp. 816, and Irving Trust Company v. LaCross Pharmacy, Inc., et al., Equity No. 77—50 (unreported)—clearly show that those cases were decided by him on the basis that there was collusion between the bankrupt and the persons who made the transfers therein, so that in effect the bankrupt himself was really an actor in the transfer.

I do not think that the evidence herein justifies me in holding that Otto Wimpfheimer was an actor in the foreclosure of the pledge here involved.

■ VII. But if I am wrong in this, I think that there is another reason the plaintiff's suit must fail.

I am satisfied that the evidence establishes that the so-called conveyance in this case—being the foreclosure by Bliss on the stock pledged to it by Otto Wimpfheimer—was for a fair consideration.

We have to remember that Thorner was a family corporation, and that the value of the stock therein to anyone outside of the family was purely problematical.

I certainly do not think that the book value evidence, or the financial statements of Thorner, offered by the plaintiff herein was properly admissible to show the value of the stock of Thorner. Oxford Paper Co. v. United States, Ct.Cl., 52 F.2d 1008.

Thorner's earnings had been poor since 1930. It is true that a closely held family corporation such as Thorner does not have to pay dividends if the earnings are taken out in salaries, but the total of the salaries paid to Thorner's officers was not high in any year from 1930 on. I find that Thorner was a not very successful business wholly owned by the Wimpfheimer family, and that, having regard to all the circumstances, a fair consideration was given by Sol Wimpfheimer for Otto Wimpfheimer's stock on the foreclosure by Bliss of the latter's pledge. It was in fact identic with what Bliss had accepted as consideration for an advance of $2,500,—a persuasive

fact as to fair value in the circumstances here shown.

■ VIII. I will not give any costs because I think that the proper policy to follow in suits by trustees in bankruptcy is not to allow costs because they should be encouraged to· follow every quest which they think may bring money into the estate which they are engaged in administering. Consequently I disallow any costs in this case.

■ I think that considered opinions on the facts in equity cases are rendered superfluous by the ruling of the United States Supreme Court in Interstate Circuit, Inc., v. United States, 304 U.S. 55, 57, 58 S.Ct. 768, 82 L.Ed. 1146, requiring findings of fact and conclusions of law to be signed by the trial judge.

The two defendants, therefore, must collaborate in submitting to me through the Clerk's office findings of fact and conclusions of law in accordance with this opinion, and they must give five days' notice thereof to counsel for the plaintiff. Counsel for the plaintiff may on the return day of the notice have an opportunity to suggest alternative findings if he is so advised.

The proposed findings, submitted by either party, must be typed in triple spacing so that I may conveniently correct them if I wish to.

■ It is understood of course, that the only findings of fact and conclusions of law which will be filed in the record of this cause will be those that I have signed.

After the findings of fact and conclusions of law are signed by me, a decree may be submitted by the defendants dismissing the complaint, without costs.