# HUGHES v. LAWYERS TRUST CO.
## No. 174.

Circuit Court of Appeals, Second Circuit.

Jan. 15, 1940.

Mortimer D. Atlas, of New York City (Nathan B. Fogelson, of New York City, of counsel), for appellant.

Daniel J. Mooney, of New York City (Joseph K. Guerin and Floyd D. Frost, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

Martin Conroy & Sons, Inc., on June 30, 1937 filed petition to reorganize under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The plaintiff was later appointed trustee of the estate and was ordered to liquidate it as in ordinary bankruptcy. For the purposes of the present case the situation was as if the debtor had filed voluntary petition in bankruptcy on June 30, 1937 and the plaintiff had been appointed trustee in bankruptcy.

The debtor was engaged in the plastering business. On March 21, 1934 it borrowed $10,000 from the defendant. Payments in reduction of the debt were made between April and August 1935. These payments totalled $3,250, bringing the unpaid balance down to $6,750. On December 5, 1935 the debtor assigned to the defendant as collateral security for this balance, as well as for another debt later repaid and not figuring in the present action, $20,000 bonds which the debtor had deposited with the New York Industrial Commissioner to meet workmen's compensation claims. The assignment was subject to the Commissioner's rights. A copy of the assignment was sent to the Commissioner, and the latter notified the defendant that he had recorded the defendant as owner of the bonds, subject to his own rights. On May 12, 1937 the Commissioner released $15,000 bonds and made delivery of them to the defendant. The defendant promptly sold the bonds and applied part of the proceeds to payment of the debt. The rest of the proceeds it turned over to the debtor.

The plaintiff brought suit to recover the $10,000. His main point was that the payments of $3,250 in cash and the transfer of the bonds to secure the remaining $6,750 were transfers in violation of section 15 of the New York Stock Corporation Law, Consol. Laws, c. 59. That statute is to the effect that a transfer of property by a corporation, made when the corporation is insolvent or its insolvency is imminent, with the intent of preferring a particular creditor, is invalid unless the creditor receiving the transfer takes it without notice or reasonable cause to believe that the transfer will effect a preference.[1] The New York statute is broader than section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, in that it does not have the time limitation of four months. At the trial the plaintiff offered evidence tending to show that the debtor was insolvent from October 1935 forward, and that the defendant had notice that the debtor's condition was poor. The trial judge dismissed the complaint as to the payments of $3,250 and submitted to the jury the question whether the assignment of the bonds to the defendant in December 1935 as collateral security was a voidable preference under the New York statute. The jury brought in a verdict for the defendant.

While the plaintiff does not like the outcome, we cannot see that he has a fair grievance. It being undisputed that as matters turned out the transfers resulted in a preference of the defendant, the issues under the New York statute were whether the debtor was in an insolvent condition, actual or imminent, in the sense of being unable to meet its obligations in due course when the transfers were made, whether the debtor intended to prefer the defendant, and whether the defendant had notice or reasonable cause to believe that the transfers would effect a preference. Dalziel v. Rosenfeld, 265 N.Y. 76, 191 N.E. 841; Irving Trust Co. v. Chase Nat. Bank, 2 Cir., 72 F.2d 668; Upright v. Brown, 2 Cir., 98 F.2d 802. As to the payments of $3,250 prior to October 1935, the plaintiff

---

[1] New York Stock Corporation Law, section 15, so far as applicable to the present case, reads: "No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except as to any rights or interests which may be acquired thereunder by any person without notice or reasonable cause to believe that such conveyance, assignment, transfer, payment, judgment, lien or security would effect a preference * * *."

produced nothing indicative of insolvency, intent to prefer and notice or reasonable cause to believe on the defendant's part at the time of the payments. The judge was right in not permitting this part of the case to go to the jury. In respect to the assignment of the bonds as collateral security for the unpaid $6,750, the evidence was such that conflicting inferences might be drawn on the issues of insolvency in December 1935, intent to prefer, and notice or reasonable cause to believe. The judge was clearly right in submitting the issues on this transfer to the jury. In his charge he stated the law with accuracy and defined the issues with care. Under the circumstances the jury's verdict is a final determination of the merits between the plaintiff and the defendant. We may not disregard the verdict merely because we might have reached a different conclusion on the facts. O'Connor v. Ludlam, 2 Cir., 92 F.2d 50.

 The plaintiff attacked the transaction on a number of other grounds. In his complaint he set up a count under section 67, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. e, charging that the debtor in May 1937 made a transfer of $6,750 to the defendant in fraud of creditors, and a count under section 70, sub. e, of the Act, 11 U.S.C.A. § 110, sub. e, charging that the assignment of the bonds in December 1935 was fraudulent as to creditors. The judge dismissed these counts. The dismissal was proper. There was nothing to support the charge of a transfer in fraud of creditors. On the facts the most that the plaintiff might fairly claim was that the defendant had received a preference over other creditors. Irving Trust Co. v. Kaminsky, D.C. N.Y., 19 F.Supp. 816. The complaint also contained two counts based on section 60 of the Act, and these the judge likewise dismissed. In these counts the plaintiff alleged that the transfer of $6,750 in May 1937 was a voidable preference under section 60 of the Bankruptcy Act. The $6,750 received by the defendant in May 1937 came not from the debtor's general assets but from the bonds assigned to the defendant as collateral security in December 1935. If the assignment of the bonds more than four months before bankruptcy was valid, there was no preference in the sale of the bonds and collection of the debt within four months of the debtor's bankruptcy. Sexton v. Kessler & Co., 225 U.S. 90, 32 S.Ct. 657, 56 L.Ed. 995; First National Bank v. Lanz, 5 Cir., 202 F. 117. The assignment of the bonds as collateral security was valid unless rendered voidable by the New York Stock Corporation Law. So the issues of fact raised by the counts under section 60 of the Bankruptcy Act were precisely the same as the issues of fact presented by the count under the New York Stock Corporation Law, and the issues on the latter count were sent to the jury. If dismissal of the counts based on section 60 of the Act was error, the error was harmless and is to be disregarded. Rule 61, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. When all is said and done, the one real issue on the facts was whether the assignment of the bonds to the defendant was a voidable preference under the New York statute, and the effort of the plaintiff to inject other issues into the case was bound to fail.

The record presents no prejudicial error. The judgment will be affirmed.