**1394**

Richard M. SHARFMAN, as Trustee in Bankruptcy of The Gasoline Retailer, Inc., Bankrupt, Plaintiff,

v.

THARPE & COMPANY, Defendant.

No. 73 Civ. 2161.

United States District Court,
S. D. New York.

Oct. 3, 1974.

Zalkin Rodin & Goodman, New York City, for plaintiff; Richard S. Toder, New York City, of counsel.

Roy L. Weiss, New York City, for defendant.

MEMORANDUM DECISION

GAGLIARDI, District Judge.

This is an action commenced by the Trustee in Bankruptcy of Gasoline Retailer, Inc. ("Bankrupt") under section 60 of the Bankruptcy Act, 11 U.S.C. § 96, to recover payments totalling $5,000 made by the bankrupt to defendant Tharpe & Company on the ground that such payments constitute a voidable preference. Jurisdiction is provided by 11 U.S.C. §§ 96(b) and 1(10). For the reasons set forth below, judgment for the plaintiff is granted.

In May 1970 the bankrupt was in dire need of working capital and Ms. Sarah Salter, principal financial officer, approached James Tharpe for a loan from the defendant. James Tharpe, Ms. Salter's first cousin, was president of the defendant Tharpe & Company and owned 25% of the bankrupt's stock. At that time, the bankrupt owed the defendant in excess of $60,000 for other outstanding loans. In response to Ms. Salter's request, on May 18, 1970 James Tharpe delivered to the bankrupt New York City Municipal bearer bonds with a

total face value of $15,000. No receipt or document accompanied delivery. That same day, the bankrupt delivered the bonds to the Chemical Bank for sale and the bankrupt received a loan in the amount of $10,000 from the bank.

On May 25, 1970 the bank deposited $12,700.40, the proceeds from the sale of the bonds, into the bankrupt's account and Ms. Salter advised James Tharpe of the sale and deposit. A note was executed, dated May 26, 1970, by the bankrupt in favor of the defendant Tharpe & Company for $7,700.40, although James Tharpe did not receive it until early June. On May 29, 1970 the bankrupt paid off the Chemical Bank loan of $10,000, and then, on June 3 and 4, 1970 the bankrupt delivered certified checks for $2,000 and $3,000 respectively to the defendant Tharpe & Company. Gasoline Retailer, Inc. filed its petition in bankruptcy on July 8, 1970.

In order to prevail under § 60, the plaintiff must establish the following:

(1) A transfer by the Bankrupt to or for the benefit of defendant, a creditor, of the bankrupt's property.

(2) For or on account of an antecedent debt.

(3) Within four months of the filing of the petition initiating a proceeding under the Bankruptcy Act.

(4) That the effect of the transfer was to enable defendant to obtain a greater percentage of debt than other creditors of the same class.

(5) That at the time of the transfer, the bankrupt was insolvent and defendant had reasonable cause to believe that the bankrupt was insolvent.

The bankrupt's payment of a total of $5,000 on June 3 and 4, 1970 was a transfer within four months of the filing of the petition. The parties have stipulated that the effect of the transfer was to enable the defendant Tharpe & Company to obtain a greater percentage of debt than other creditors of the same class.

With respect to the existence of an antecedent debt, defendant contends that the parties had an informal understanding that only a portion of the proceeds of the sale of the bonds was to be loaned to the bankrupt and that following notification of the sale, the bankrupt executed its promissory note to the defendant in the amount of $7,700.40. Thus, it is claimed that the $5,000 remitted on June 3 and 4 never became the property of the bankrupt, and therefore, there was no preference. However, on May 25, 1970 the proceeds from the sale of the bonds were deposited with defendant's knowledge into the bankrupt's account at Chemical Bank. Moreover, according to the testimony of James Tharpe, the promissory note, allegedly executed on May 26, was not delivered until some time in early June. Under section 60, for the creation of creditor status all that is necessary is that the defendant give the bankrupt full control of the bonds' proceeds and that the estate be actually enriched. Grubb v. General Contract Purchase Corporation, 94 F.2d 70 (2d Cir. 1938) (Hand, J.)

The $12,700.40, deposited in the bankrupt's account with defendant's knowledge, remained in the bankrupt's possession for ten days until partial remittance on June 3. No instructions limited the use of the money; in fact, during that period the bankrupt used a portion of the funds to pay off the $10,000 Chemical Bank loan. Therefore, whatever agreement existed between the parties prior to May 25, 1970, upon deposit of the bonds' proceeds the defendant relinquished control of all of the funds to the bankrupt. Once the defendant permitted the bankrupt to retain its funds, the proceeds became the bankrupt's property and the defendant relied on the bankrupt's credit. Ernst v. Mechanics' Metals National Bank, 201 F. 664 (2d Cir. 1912), aff'd. 231 U.S.

60, 34 S.Ct. 22, 58 L.Ed. 121 (1913); Southall v. Cohen, 311 F.Supp. 217 (W. D.Mo.1970); In re Helms Veneer Corp., 287 F.Supp. 840 (W.D.Va.1968). Accordingly, the bankrupt's delivery of certified checks to the defendant on June 3 and 4 in the amount of $5,000 was a transfer of its property on account of the antecedent debt.

As to whether at the time of the transfers the bankrupt was insolvent and whether at that time the defendant had reasonable cause to believe that the bankrupt was insolvent, James Tharpe acknowledged in proceedings before the bankruptcy court that as of June 1, 1970 the liabilities of Gasoline Retailer, Inc. exceeded the assets. Defendant Tharpe & Company now contends only that it had no reasonable cause to believe that the bankrupt was insolvent at the time the transfers were made. Apart from James Tharpe's acknowledgment at the § 21(a) examination before the referee, the circumstances make it inconceivable that he did not know of the bankrupt's actual financial condition. Because of his position with both companies and his relationship with Ms. Salter, James Tharpe was intimately connected with the bankrupt from its inception and knew its financial condition. He was consulted each time defendant Tharpe & Company loaned money to the bankrupt and personally reviewed its budget in March 1970. In the spring of 1970 he knew the company was losing money and only had enough cash to publish two more issues. "A creditor has reasonable cause to believe that a debtor is insolvent when such a state of facts is brought to the creditor's notice, respecting the affairs and pecuniary condition of the debtor, as would lead a prudent business person to the conclusion that the debtor is insolvent." 3 Collier, Bankruptcy ¶ 60.53(1), at 1057–58; Kravetz v. Joange Building Corp., 341 F.2d 561 (2d Cir. 1965). Clearly that test has been met in the instant case. See, also, In re Singer & Sirotta, Inc., 27 F.Supp. 277 (S.D.N.Y.1939).

Accordingly, this court holds that the transfer of $5,000 to the defendant Tharpe & Company on June 3 and 4, 1970 was a voidable preference under section 60 and that the trustee is entitled to recover that sum.

So Ordered.